

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF FLORIDA

| | |
|---|---|
| Kadez Marshall<br>Plaintiff. | )<br>) Case No:  **GONZALEZ, J.**<br>)<br>) **JURY TRIAL DEMAND**<br>) |
| v. | )<br>)  **HENRY, M.J.**<br>) Hon. |
| Ally Financial Inc.,<br>Defendant. | )<br>) |

**CV 26- 2515**

### COMPLAINT

1.     Plaintiff, Kadez Marshall ("Plaintiff"), by and through himself, brings this action against Ally Financial Inc. ("Defendant" or "Ally"), and alleges as follows:

### INTRODUCTION

2.     This is an action arising under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Defendant violated the FCRA by furnishing inaccurate, incomplete, and misleading information regarding Plaintiff's consumer account and by failing to conduct a reasonable investigation after receiving notice of Plaintiff's dispute from one or more consumer reporting agencies. Defendant knowingly and willfully continued to verify and report inaccurate information, damaging Plaintiff's credit reputation and causing emotional and financial harm. Plaintiff seeks actual damages, statutory damages, punitive damages, costs, and any other relief the Court deems just and proper. Plaintiff further seeks injunctive relief requiring Defendant to correct the inaccurate information and comply with the FCRA.


REC'D IN PRO SE OFFICE
APR 28 '26 PM 12:13

## JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., a federal law.

4.     This Court also has jurisdiction pursuant to 15 U.S.C. § 1681p, which provides for private rights of action to enforce violations of the Fair Credit Reporting Act.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District, including the reporting of inaccurate information to consumer reporting agencies and the harm suffered by Plaintiff within this District.

## PARTIES

6.     Plaintiff, Kadez Marshall ("Plaintiff"), is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c), residing at 1595 E 52nd St, Brooklyn, New York 11234.

7.     Defendant, Ally Financial Inc. ("Defendant" or "Ally"), is a corporation that regularly engages in the business of extending credit and furnishing information to consumer reporting agencies, including Experian, Equifax, and TransUnion. Defendant's principal place of business is located at 500 Woodward Avenue, 10th Floor, Detroit, Michigan 48226.

8.     At all times relevant hereto, Defendant was a "furnisher of information" as that term is used within the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2, in that Defendant regularly furnished information relating to consumers to one or more consumer reporting agencies for inclusion in consumer credit reports.

## FACTUAL ALLEGATIONS

9.     On or about October 10, 2020, Plaintiff allegedly incurred a financial obligation with Defendant in the approximate amount of $30,451 in connection with an alleged automobile loan transaction, in which the money, property, insurance, or services that were the subject of the

2

transaction were primarily for personal, family, or household purposes, and thus constitutes a "consumer credit transaction" as defined under the Fair Credit Reporting Act.

10.    On or about March 25, 2026, while reviewing his consumer credit reports from Equifax and Experian, Plaintiff discovered multiple inaccuracies relating to the account furnished by Defendant. These inaccuracies included, but were not limited to, the reporting of false and misleading payment history, inaccurate and inconsistent account data, incomplete or omitted balance information, and an inaccurate account status, all of which render the tradeline materially misleading.

11.    Upon identifying these inaccuracies, Plaintiff promptly submitted disputes to Equifax and Experian. In those disputes, Plaintiff clearly identified the specific information that was inaccurate, incomplete, or materially misleading, and requested that such information be corrected or deleted in accordance with the Fair Credit Reporting Act.

12.    Defendant furnished an inaccurate and materially misleading payment history to Experian. Specifically, Defendant reported that Plaintiff's account was 60 days past due for two consecutive months in May and June 2021. Defendant further reported that Plaintiff was 60 days past due for both October and November 2021, followed by 90 days past due in December 2021, 120 days past due in January 2022, 90 days past due in February 2022, and then again 120 days past due in March 2022. Thereafter, Defendant reported Plaintiff as 60 days past due for two consecutive months in April and May 2022. **(See Exhibit I)**

13.    This pattern of reporting is internally inconsistent, chronologically impossible, and materially misleading. A consumer account cannot logically progress backward and forward between delinquency statuses (e.g., from 120 days past due to 90 days past due and back again), nor can identical delinquency statuses be reported consecutively in a manner that misrepresents the true payment history of the account. Such reporting creates a false and distorted impression of Plaintiff's credit behavior and payment performance.

14.    Defendant furnished materially inconsistent and contradictory payment histories for the same account across consumer reporting agencies, including Experian and Equifax, for identical time periods. For example, for April 2021 and May 2021, Defendant reported the account

as "current" to Equifax, while simultaneously reporting the account as 30 days past due in April 2021 and 60 days past due in May 2021 to Experian. Additionally, for June 2021, Defendant reported the account as 60 days past due to Experian, while reporting the account as "current" to Equifax for that same month. **(See Exhibit I and II)**

15. These inconsistencies continued into later reporting periods. For December 2021, Defendant reported the account as 30 days past due to Equifax, while reporting the account as 90 days past due to Experian. For January 2022, Defendant reported the account as 30 days past due to Equifax, while reporting the account as 120 days past due to Experian. For February 2022, Defendant reported the account as 60 days past due to Equifax, while reporting the account as 90 days past due to Experian. **(See Exhibit I and II)**

16. Defendant's inconsistent reporting persisted further. For March 2022, Defendant reported the account as 60 days past due to Equifax, while reporting the account as 120 days past due to Experian. For April 2022, Defendant reported the account as 90 days past due to Equifax, while reporting the account as 60 days past due to Experian. For May 2022, Defendant reported the account as 120 days past due to Equifax, while reporting the account as 60 days past due to Experian. **(See Exhibit I and II)**

17. These conflicting reports cannot be reconciled and demonstrate that Defendant furnished contradictory and misleading information regarding the same account for identical time periods. Defendant cannot simultaneously report an account as both current and delinquent, or report materially different levels of delinquency for the same months, without rendering the information inaccurate and materially misleading.

18. Defendant verified the disputed information as accurate despite the clear and irreconcilable discrepancies outlined above, as reflected on Plaintiff's consumer credit report. By verifying materially inconsistent and contradictory information for the same account and time periods, Defendant confirmed inaccurate and misleading data without correction. Defendant's verification of information that is internally inconsistent and contradictory on its face demonstrates that no reasonable investigation was conducted. Defendant was furnishing multiple conflicting versions of the same account simultaneously, thereby undermining the reliability and integrity of

the information provided to consumer reporting agencies. Such conduct demonstrates that Defendant failed to conduct a reasonable investigation and failed to ensure the accuracy of the information furnished, in violation of its obligations under the Fair Credit Reporting Act.

19.    Defendant also failed to report Plaintiff's recent payment in the account information section of the Experian credit report. The omission of this required and material data renders the tradeline incomplete and materially misleading, as it fails to accurately reflect Plaintiff's actual payment activity and the current status of the account. The omission of Plaintiff's recent payment creates the false impression that no recent payment activity occurred on the account. Despite having records of Plaintiff's payment, Defendant failed to include this information when furnishing data to Experian, thereby providing an inaccurate and misleading depiction of Plaintiff's creditworthiness and financial behavior.

20.    Plaintiff made a payment in the amount of $5,116.54 in October 2025; however, Defendant reported to Experian in the balance history section that only $1,200 was paid during that same time period. This substantial discrepancy between the actual payment made and the amount reported renders the tradeline inaccurate, incomplete, and materially misleading. By underreporting Plaintiff's payment, Defendant distorted the true payment history and failed to accurately reflect Plaintiff's financial activity on the account. **(See Exhibit I, II & III)**

21.    In addition, Defendant reported a balance of $24,478 on Plaintiff's account to Experian for October 2025, despite the account having a $0 balance at that time. This reporting is factually inaccurate and materially misleading, as it falsely represents that Plaintiff owed a substantial outstanding debt when, in fact, no balance remained. By reporting a balance that did not exist, Defendant significantly distorted the true status of the account and Plaintiff's financial obligations.

22.    Defendant furnished inaccurate and materially misleading information regarding Plaintiff's account balance and closure status. Specifically, Defendant reported to Experian that Plaintiff's account carried a balance of $24,478 in October 2025, despite the account having a $0 balance at that time following Plaintiff's final payment. Defendant also reported in the balance history section for October 2025 that a balance of $24,478 remained when no such balance existed.

Additionally, Defendant reported to Equifax that the account had a close date of November 9, 2025, when, in fact, the account was closed in October 2025 after Plaintiff made the final payment and satisfied the account in full. These discrepancies render the tradeline factually inaccurate and materially misleading, as they misrepresent both the existence of any outstanding obligation and the timing of the account's closure. Such reporting creates the false impression that Plaintiff remained indebted beyond the date the account was satisfied and closed. **(See Exhibit II and III)**

23.     Defendant further reported to Equifax that Plaintiff's last payment amount was $3,916, when, in fact, Plaintiff's actual last payment was $5,116.54. These discrepancies render the tradeline factually inaccurate and materially misleading, as they misrepresent the existence of any outstanding obligation, understate Plaintiff's payment activity, and misstate the timing of the account's closure. Such reporting creates the false impression that Plaintiff remained indebted beyond the date the account was satisfied and closed and distorts Plaintiff's true payment performance and financial responsibility. **(See Exhibit II)**

24.     Upon Plaintiff's submission of disputes to the consumer reporting agencies, and upon information and belief, such agencies transmitted notice of the disputes to Defendant pursuant to their standard procedures, thereby triggering Defendant's duties under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation, review all relevant information provided by the consumer reporting agencies, and correct or delete any information found to be inaccurate, incomplete, or misleading.

25.     On or about March 27, 2026, and April 3, 2026, Plaintiff received dispute results from Experian and Equifax, respectively, indicating that Defendant had verified the disputed information as accurate, despite Plaintiff's clear identification of the inaccuracies, inconsistencies, and omissions. These results confirm that Defendant received notice of Plaintiff's disputes through the consumer reporting agencies and nonetheless failed to conduct a reasonable investigation, instead continuing to report and affirm materially inaccurate and misleading information.

26.     By verifying inaccurate, incomplete, and materially misleading information as accurate, Defendant failed to conduct a reasonable investigation and failed to correct or delete such information, in violation of 15 U.S.C. § 1681s-2(b).

6

27.    By verifying inaccurate, incomplete, and materially misleading information as accurate, Defendant failed to conduct a reasonable investigation and failed to correct or delete such information, in violation of 15 U.S.C. § 1681s-2(b).

28.    Following the expiration of the thirty (30) day investigation period prescribed by the Fair Credit Reporting Act, Defendant failed to modify, delete, or correct the inaccurate information. The payment history and account information furnished by Defendant remain inaccurate, incomplete, and materially misleading as of the date of this filing.

29.    Defendant's failure to correct the inaccurate information after receiving notice of the dispute, and after the expiration of the statutory reinvestigation period, constitutes a continuing violation of 15 U.S.C. § 1681s-2(b).

30.    Upon information and belief, Defendant either failed to conduct any investigation at all or conducted an unreasonable and cursory investigation, and thereafter mechanically verified the disputed information as accurate despite clear and irreconcilable errors.

31.    Defendant failed to review all relevant information provided by the consumer reporting agencies in connection with Plaintiff's dispute, as required by 15 U.S.C. § 1681s-2(b), and failed to ensure that the information furnished was complete, accurate, and not materially misleading.

32.    Had Defendant conducted a reasonable investigation, it would have readily determined that the information it furnished was inaccurate, incomplete, and materially misleading, and would have promptly corrected or deleted the information to accurately reflect Plaintiff's true payment history, account balances, account status, and amounts paid.

33.    Due to Defendant's failure to conduct a reasonable investigation, Defendant failed to modify, correct, or delete the inaccurate, incomplete, and materially misleading information, in violation of 15 U.S.C. § 1681s-2(b).

34.    As a direct and proximate result of Defendant's conduct, Defendant has continued to report and furnish inaccurate and incomplete information regarding Plaintiff's account, resulting

in the ongoing dissemination of false credit information and causing harm to Plaintiff's credit reputation, creditworthiness, and financial standing.

35.    Defendants' persistent reporting of inaccurate, misleading, and derogatory information was not only negligent; it was willful. Despite receiving one or more disputes from Plaintiff, along with supporting documentation clearly identifying the inaccuracies, Defendant made a conscious decision to continue reporting the false information. Defendant was aware, or should have been aware, of the inaccuracy of the reported data, yet knowingly and intentionally disregarded the truth, failing to take corrective action as required by law. This conduct constitutes a willful violation of the Fair Credit Reporting Act pursuant to 15 U.S.C. § 1681n. As a result, Plaintiff is entitled to statutory damages, as well as actual damages, punitive damages, costs, and fees to the extent permitted by law.

## PLAINTIFF'S DAMAGES

36.    As a direct and proximate result of Defendant's continued furnishing and verification of inaccurate, incomplete, misleading, and derogatory information, Plaintiff has sustained actual damages, including but not limited to: loss of creditworthiness, diminished ability to obtain credit on fair and reasonable terms, fear and apprehension of credit denials, and damage to her credit reputation.

37.    Plaintiff has also incurred out-of-pocket expenses associated with preparing, transmitting, and monitoring disputes filed with the consumer reporting agencies and with responding to Defendant's continued reporting of inaccurate information.

38.    Plaintiff has suffered emotional distress, frustration, mental anguish, and anxiety, resulting from Defendant's failure to correct the inaccurate and misleading information, and from the continued dissemination of this false information to Experian and Equifax, despite Plaintiff taking all steps required to resolve the error.

39.    Plaintiff has suffered concrete and particularized injuries as a result of Defendant's conduct, including harm to credit reputation, diminished creditworthiness, and the dissemination of inaccurate information to third parties. These injuries are of the type recognized

8

as sufficient to confer standing. This aligns with Spokeo, Inc. v. Robins, 578 U.S. 330, 340–41 (2016), where the Supreme Court held that intangible injuries can be concrete and that a statutory violation may satisfy the injury-in-fact requirement where the harm involves interests traditionally recognized at law, including reputational and privacy interests.

40.    The ongoing furnishing of misleading and incomplete account information has resulted in continued harm to Plaintiff's credit profile and financial standing, which is compensable under the Fair Credit Reporting Act.

## COUNT I

## Violation of the Fair Credit Reporting Act 15 U.S.C. § 1681s-2(b)

41.    Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

42.    Defendant is a "furnisher of information" as that term is used under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2.

43.    After Plaintiff disputed the inaccurate, incomplete, and misleading information with consumer reporting agencies, including Experian and Equifax, those agencies notified Defendant of the disputes pursuant to 15 U.S.C. § 1681i(a)(2).

44.    Upon receiving notice of the disputes, Defendant was required, pursuant to 15 U.S.C. § 1681s-2(b), to conduct a reasonable investigation, review all relevant information provided by the consumer reporting agencies, and report the results of the investigation.

45.    Defendant failed to conduct a reasonable investigation with respect to the disputed information.

46.    Defendant failed to review all relevant information provided by the consumer reporting agencies.

47.    Defendant failed to modify, correct, delete, or permanently block the reporting of inaccurate, incomplete, and materially misleading information.

48.    Defendant instead verified and continued to furnish information that is inaccurate, incomplete, internally inconsistent, and materially misleading, including but not limited to false payment history, inconsistent delinquency statuses, inaccurate balances, incorrect account information, and incomplete payment data.

49.    Defendant's conduct constitutes willful noncompliance with the Fair Credit Reporting Act, in that Defendant knowingly and/or recklessly disregarded its statutory duties.

50.    Defendant's conduct constitutes negligent noncompliance with the Fair Credit Reporting Act.

51.    As a direct and proximate result of Defendant's violations, Plaintiff has suffered actual

52.    damages, including but not limited to harm to credit reputation, diminished creditworthiness, loss of credit opportunities, emotional distress, and other financial and reputational harm.

53.    Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiff is entitled to recover statutory damages, actual damages, punitive damages, and such other and further relief as the Court deems just and proper.

## JURY DEMAND

54.    Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant, and award the following relief:

a. Actual damages sustained by Plaintiff as a result of Defendants' violations of the Fair Credit Reporting Act, pursuant to 15 U.S.C. §§ 1681n(a)(1) and 1681o;

b. Statutory damages of not less than $100 and not more than $1,000 per violation, as provided under 15 U.S.C. § 1681n(a)(1)(A);

c. Punitive damages, as the Court may allow, for Defendants' willful noncompliance with the FCRA, pursuant to 15 U.S.C. § 1681n(a)(2);

d. Such other and further relief as the Court deems just and proper.

Dated: April 27, 2026

Respectfully submitted,

Kadez Marshall

1595 E 52nd St

Brooklyn, NY 11234

Email: Kadezbusiness@gmail.com

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Kadez Marshall | Ally Financial Inc. |

**(b)** County of Residence of First Listed Plaintiff  Kings County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Wayne County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
1595 E 52nd St, Brooklyn, NY 11234

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | Liability | [ ] 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Pharmaceutical | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| & Enforcement of Judgment | Slander | Personal Injury | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Product Liability | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted | Liability | [ ] 368 Asbestos Personal | | New Drug Application | [ ] 470 Racketeer Influenced and |
| Student Loans | [ ] 340 Marine | Injury Product | | [ ] 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | [ ] 345 Marine Product | Liability | | [ ] 880 Defend Trade Secrets | [X] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | | [ ] 485 Telephone Consumer |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | Act | **SOCIAL SECURITY** | Protection Act |
| [ ] 190 Other Contract | Product Liability | [ ] 380 Other Personal | [ ] 720 Labor/Management | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Property Damage | Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| [ ] 196 Franchise | Injury | [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | [ ] 362 Personal Injury - | Product Liability | [ ] 751 Family and Medical | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| | Medical Malpractice | | Leave Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | Income Security Act | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate | | or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | Sentence | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 530 General | | 26 USC 7609 | Act/Review or Appeal of |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** | | Agency Decision |
| | Employment | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of |
| | [ ] 446 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | State Statutes |
| | Other | [ ] 550 Civil Rights | Actions | | |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C § 1681

Brief description of cause:
Violation of the Fair Credit Reporting Act 15 U.S.C. § 1681s-2(b)

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE  04-27-2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Arkansas

| | |
|---|---|
| Kadez Marshall <br><br> _____ <br> *Plaintiff(s)* <br> v. <br><br> ALLY FINANCIAL INC. <br><br> _____ <br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

ALLY FINANCIAL INC.
c/oTHE CORPORATION COMPANY
40600 ANN ARBOR RD E STE 201, PLYMOUTH, MI 48170

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Kadez Marshall
1595 E 52nd St,
Brooklyn, NY 11234

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0____ .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:


| Print | Save As... | | Reset |